UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P118-R

**RANDY HAIGHT** *et al.*                                                                                           **PLAINTIFFS**

v.

**LADONNA THOMPSON** *et al.*                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiffs Randy Haight, Robert Foley, Roger Epperson, Vincent Stopher, and Gregory Wilson are death-row inmates incarcerated at the Kentucky State Penitentiary (KSP). They filed this *pro se* civil rights action alleging violations of 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Rehabilitation Act, and the Kentucky Constitution against officials and employees of the Kentucky Department of Corrections (KDOC) and KSP.

This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiffs' § 1983 official-capacity claims against all Defendants for monetary damages and their § 1983 individual-capacity claims under the Fifth and Eighth Amendments for all relief. The Court will also dismiss Plaintiffs' claims under RLUIPA for monetary damages, their Rehabilitation Act claims, and their Kentucky constitutional claims. The Court will allow the remainder of Plaintiffs' claims to proceed past initial screening.

### I.

Plaintiffs sue LaDonna Thompson, Commissioner of KDOC; James L. Erwin, Director of Operations/Programs for KDOC; Al C. Parke, Deputy Commissioner of KDOC; Philip W.

Parker, Warden of KSP; Ernest E. Williams, Deputy Warden of Security of KSP; Alan Brown, Deputy Warden of Programs of KSP; Michael Ray, Unit Administrator of KSP; and Robert (Rocky) Roberts, Program Director of KSP.

Plaintiffs allege that Defendants denied their rights to have pastoral visits, to have a sweat lodge, and to hold a powwow in violation of the First and Fourteenth Amendments to the U.S. and Kentucky Constitutions, RLUIPA, and the Rehabilitation Act. Plaintiffs also claim that Defendants used the KSP grievance process as a weapon which resulted in retaliation against them in violation of the Fifth and Eighth Amendments and KSP's own policies and procedures. They also claim that Defendants canceled or suspended their pastoral visits and denied them access to the canteen, legal office, and law library in retaliation for filing grievances against prison officials.

As relief, Plaintiffs seek $10,000 in money damages, injunctive relief in the form of allowing pastoral visits to continue in accordance with KSP policies and procedures, and punitive damages in the amount of $5,000 for each Defendant. Plaintiffs also demand that the Court order KDOC to put in a sweat lodge, to follow the federal guidelines, and to bring KSP under the rules of RLUIPA and under the Rehabilitation Act.

## II.

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    42 U.S.C. § 1983**

    **1.    Fifth and Eighth Amendment claims**

Plaintiffs state that Defendants' handling of the grievance process is a violation of due process under the Fifth Amendment and the Eighth Amendment's prohibition on cruel and unusual punishment. Having shown no denial of basic needs, Plaintiffs fail to state any Eighth Amendment claim. Additionally, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). A plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder*

*v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, Plaintiffs' claims concerning the grievance process will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiffs also claim Defendants failed to follow KSP's policies and procedures in the function of the grievance process. A prison official's failure to follow internal rules and regulations does not alone state a constitutional violation, and Plaintiffs have alleged no facts related to the grievance procedures which demonstrate a cognizable constitutional claim.

    2.    **First and Fourteenth Amendment claims**

        a.    **Official-capacity claims**

Plaintiffs sue each Defendant in his or her official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because each Defendant is an employee or officer of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiffs seek money damages from state officers or employees in their official capacities, they fail to allege cognizable claims under § 1983.

Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against these Defendants. A state, its agencies, and its officials sued in their official capacities for damages may not be sued in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)).

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id*. at 757.

Therefore, Plaintiffs' official-capacity claims against all Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.  However, Plaintiffs' § 1983 official-capacity claims against all Defendants for injunctive relief under the First and Fourteenth Amendments for alleged denial of pastoral visits, a sweat lodge, and a powwow and for alleged retaliation under the First Amendment will be allowed to proceed past initial review.

        **b.**    **Individual-capacity claims**

Plaintiffs' individual-capacity claims under § 1983 for monetary damages and injunctive relief will be permitted to proceed for further development against all Defendants for alleged denial of pastoral visits, a sweat lodge, and a powwow under the First and Fourteenth Amendments and for retaliation under the First Amendment.

**B.**    **RLUIPA**

Plaintiffs also sue Defendants under RLUIPA.  The Sixth Circuit has held that prison officials are immune from RLUIPA monetary-damages claims under the Eleventh Amendment.  *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under

RLUIPA."). Therefore, Plaintiffs' claims for monetary damages under RLUIPA will be dismissed for seeking monetary damages from Defendants who are immune from such relief. However, their claims for injunctive relief under RLUIPA will be allowed to proceed past initial review.

C.   **Rehabilitation Act**

Plaintiffs state that under the Rehabilitation Act "no one shall be denied programs, benefits or be discriminated against by any agency that receives Federal funding." Plaintiffs allege they were subjected to religious discrimination. The Rehabilitation Act, however, prohibits discrimination based on one's disability, not based on religion.[2] 29 U.S.C. § 794(a). Therefore, Plaintiffs' claims under the Rehabilitation Act will be dismissed for failure to state a claim upon which relief may be granted.

D.   **Kentucky Constitution**

Plaintiffs also state that Defendants' actions violated the First and Fourteenth Amendments to the Kentucky Constitution. As there are no such provisions in the Kentucky Constitution, these claims will be dismissed for failure to state a claim upon which relief may be granted.

---

[2]The Court notes that in a separate section of the complaint Plaintiffs describe a grievance filed by Plaintiff Foley seeking to make KSP handicapped-accessible. However, these allegations were made to support Plaintiffs' assertion that "the institution has used the grievance process as a weapon which threatens and which results in retaliation against inmates who have logical and reasonable complaints" and do not appear to allege a separate claim. Moreover, Plaintiffs do not assert a violation of the Rehabilitation Act in connection with these allegations.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiffs' § 1983 official-capacity claims against all Defendants for monetary damages are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiffs' § 1983 individual-capacity claims under the Fifth and Eighth Amendments are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for monetary damages under RLUIPA are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary damages from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiffs' claims under the Rehabilitation Act and Kentucky Constitution are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc:     Plaintiffs, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010