UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P118-R

**RANDY HAIGHT** *et al.* **PLAINTIFFS**

v.

**LADONNA THOMPSON** *et al.* **DEFENDANTS**

## MEMORANDUM AND ORDER

Plaintiffs filed three motions which are addressed below.

**A.     Motion for class certification**

Plaintiffs filed a motion for class certification in which they seek to include all inmates housed at Kentucky State Penitentiary as class plaintiffs. Plaintiffs are *pro se* prisoners without legal training and are therefore not able adequately to represent the proposed class. *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing Fed. R. Civ. P. 23; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted)); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("No representative party was available because pro se prisoners are not able to represent fairly the class."); *Giorgio v. State of Tennessee, Dep't of Human Servs. of Nashville and Jefferson Cnty.*, No. 95-6327, 1996 U.S. App. LEXIS 22574, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."). Accordingly,

**IT IS ORDERED** that the motion for class certification (DN 4) is **DENIED**.

B.       **Motion declaring jurisdiction and venue under 28 U.S.C. § 1331**

Plaintiffs filed a motion declaring jurisdiction and venue along with their *pro se* complaint. By separate Order entered this date, the Court conducted the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) and allowed part of Plaintiffs' claims to go forward. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion declaring jurisdiction and venue (DN 3) is **DENIED as moot**.

C.       **Motion for entry of default**

Finally, Plaintiff Haight filed a motion for entry of default. In the motion, Haight states that the record shows that Defendants were served with process by the United States Marshal's Office on July 7, 2011. This is not the case. Pursuant to 28 U.S.C. § 1915A and *McGore*, 114 F.3d at 613, the Court is required to screen the complaint before Defendants are served with process. By separate Scheduling Order entered this date, the Court directed that Defendants be served and ordered that Defendants file an answer in an allotted time. Accordingly,

**IT IS ORDERED** that Defendants' motion for entry of default (DN 5) is **DENIED**.

Furthermore, the Federal Rules of Civil Procedure require that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Haight, as a non-lawyer, may not assert any claim or file any motion on behalf of other Plaintiffs. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Therefore, Plaintiffs are **WARNED**

that all motions or other filings seeking relief on behalf of all Plaintiffs **must be signed by all Plaintiffs, or the filing is subject to being stricken from the record.**

Date:

cc:    Plaintiffs, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010