UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P118-R

**RANDY HAIGHT** *et al.*                                                                                           **PLAINTIFFS**

v.

**LADONNA THOMPSON** *et al.*                                                                            **DEFENDANTS**

MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by the *pro se* Plaintiffs.

A.   Motion for extension of time

Plaintiffs move for an extension of time to complete discovery (DN 13). Defendants did not object. Upon review, **IT IS ORDERED** that the motion (DN 13) is **GRANTED**. **All discovery must be completed by April 27, 2012.**

B.   Motion for reconsideration

Plaintiffs also move the Court to reconsider its Order denying class certification (DN 17). They seek to include all inmates housed at Kentucky State Penitentiary (KSP) as class plaintiffs. As the Court stated in its previous Order (DN 7), Plaintiffs are *pro se* prisoners without legal training and are therefore not able to represent the proposed class adequately. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing Fed. R. Civ. P. 23); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("No representative party was available because *pro se* prisoners are not able to represent fairly the class."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted)); *Giorgio v. State of Tennessee, Dep't of Human Servs. of Nashville and Jefferson Cnty.*, No. 95-6327, 1996 U.S. App. LEXIS 22574,

at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.").

In their motion for reconsideration, Plaintiffs also request that counsel be appointed to represent the class. Even if Plaintiffs were represented by counsel, they still do not satisfy the requirements for class certification under Fed. R. Civ. P. 23(a). Rule 23(a) sets forth four prerequisites for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) common questions of law or fact must be present among the class; (3) the claims of the representative party must be typical of the class; and (4) the representative party must be able to protect fairly and adequately the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).

Plaintiffs fail to satisfy these requirements in seeking to represent all inmates at KSP as a class. They fail to demonstrate that they satisfy the first requirement in that they do not even state the number of inmates they seek to include in the class. They likewise do not establish common questions of law or fact present among the proposed class. While they state that the denial of pastoral visits affected all inmates at KSP, they offer no evidence in support of this, and the Court presumes that not every inmate at KSP requested pastoral visits. Further, the complaint includes lengthy and specific allegations that appear at least in part to be unique to death-row inmates. They likewise fail to provide any support for their contention that their claims are typical of the class and that they are able to fairly represent the class when they have stated that as death-row inmates they are on lock-down twenty-three hours a day.

The Court therefore finds no reason to alter its previous order denying class certification. Accordingly, **IT IS ORDERED** that the motion for reconsideration (DN 17) is **DENIED**.

C.     Motion for appointment of counsel

With regard to Plaintiffs' motions for appointment of counsel (DNs 17 and 18), in a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. Further, based on a review of the documents filed by Plaintiffs thus far, it appears that Plaintiffs' pleadings are written articulately and show that Plaintiffs are able to

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

represent themselves sufficiently at this time.  Consequently, the Court finds that Plaintiffs have not set forth any "exceptional circumstances" warranting appointment of counsel at this time.

Accordingly, **IT IS ORDERED** that the motions for appointment of counsel (DNs 17 and 18) are **DENIED**.

Date:

cc:     Plaintiffs, *pro se*
        Counsel of record
4413.010