UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00118

RANDY HAIGHT, et al,                                                                                        Plaintiffs

v.

LaDONNA THOMPSON, et al,                                                                              Defendant

## ORDER

This matter comes before the Court on the Plaintiffs' Motion for a Preliminary Injunction (Docket # 69). For the following reasons, the Plaintiffs' Motion is **GRANTED.**

Plaintiffs, on remand from the Sixth Circuit Court of Appeals, request a preliminary injunction against Defendants for access to the special foods of buffalo, corn pemmican, and fry bread for their annual Powwow scheduled for September 26, 2014.

Plaintiffs filed a suit in on July 6, 2011, requesting, among other things, access to certain foods to use in religious ceremonies. This Court denied their request. The Sixth Circuit Court of Appeals remanded that decision for further development. *See Haight v. Thompson*, 2014 WL 3973675 (6th Cir. Aug. 15, 2014).

Plaintiffs now request an injunction so that they can "celebrate this annual meal with traditional foods" which are a "central element in the Native American's annual Powwow." (Docket No. 69). They allege that denying access to these foods will be a "'substantial burden' on their religious beliefs" and that the Defendants have no compelling interest in preventing them from purchasing these foods. *Id.*. Plaintiffs note that they have located vendors who sell the special items and plaintiffs have agreed to purchase and pay for these foods themselves. On

August 1, 2014, the Chaplain John Neece denied their request, stating that they will be only allowed "fried bread" in addition to regularly scheduled meals.

In determining whether to issue a preliminary injunction, the Court must consider: "(1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F. 3d 341, 347-48 (6th Cir. 1998). Courts must balance these four (4) factors with other traditional "equity" factors. *Weaver v. University of Cincinnati*, 942 F. 2d 1039, 1045 (6th Cir. 1991). "'The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.'" *Id.* at 348 (citing *Stenberg v. Checker Oil Co.,* 573 F. 2d 921, 925 (6th Cir. 1978)). The burden is on the party seeking the injunction to prove they will suffer irreparable harm if an injunction is not granted. *Abney v. Amgen, Inc.*, 443 F.3d 540, 551-52 (6th Cir. 2006).

In light of the Sixth Circuit's decision in *Haight v. Thompson*, 2014 WL 3973675 (6th Cir. Aug. 15, 2014), this Court finds that in the instant matter, Plaintiffs have satisfied the requisite elements. Therefore, the Court will grant their Motion for a Preliminary Injunction.

IT IS SO ORDERED:

The Kentucky State Penitentiary shall make available, or allow Plaintiffs to purchase and use, the special foods of buffalo, corn pemmican, and fry bread for their annual Powwow scheduled for September 26, 2014.

cc: Randy Haight, Robert Foley, Roger Epperson, Vincent Stopher, Gregory Wilson