UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00118-GNS

RANDY HAIGHT, et al.,                                                                      PLAINTIFFS

v.

LaDONNA THOMPSON, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. (Pls.' Mot. for Summ. J., DN 84). For the reasons stated below, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiffs are five death-row inmates housed at the maximum-security prison in the Kentucky State Penitentiary. *Haight v. Thompson*, 765 F.3d 554, 558, 560 (6th Cir. 2014). In their Complaint, Plaintiffs allege that the warden and staff of the Kentucky State Penitentiary denied them their First Amendment Free Exercise rights and violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLIUPA") by: (1) denying Plaintiffs pastoral visits; (2) denying Plaintiffs the use of a sweat lodge for required weekly religious ceremonies; (3) denying Plaintiffs traditional foods such as buffalo meat, fry bread, and corn pemmican for use during their proposed pow-wows; and (4) retaliation against Plaintiffs for filing grievances. (Compl., DN 1). Plaintiffs seek money damages of $10,000, injunctive relief to permit pastoral visits, $5,000 in punitive damages from each Defendant, and an order requiring Defendants to install a sweat lodge and otherwise comply with RLIUPA. (Compl. 16). Defendants are officials

in the Kentucky Department of Corrections broadly or the Kentucky State Penitentiary specifically. (Compl. 1).

On April 26, 2012, Defendants filed a motion for summary judgment arguing failure to exhaust administrative remedies, *res judicata*, and qualified immunity. (Defs.' Mot. for Summ. J., DN 32). Defendants attached to their motion a portion of the Kentucky Corrections Policies and Procedures manual (DN 32-1), and the affidavits of Defendants LaDonna Thompson, James Erwin, Philip Parker, Ernest Williams, Alan Brown, Robert Roberts, and Al Parke (DN 32-2).

On March 15, 2013, the Court granted summary judgment in favor of Defendants, finding that: (1) Plaintiffs' claim as to pastoral visitation was moot as to injunctive relief; (2) neither the Free Exercise Clause nor RLIUPA entitled Plaintiffs to money damages due to temporary suspension of pastoral visits; (3) neither the Free Exercise Clause not RLIUPA entitled Plaintiffs to money damages as to the sweat lodge claim; (4) the Kentucky State Penitentiary's decision denying Plaintiffs a sweat lodge was not a violation of Plaintiffs' Free Exercise rights or RLIUPA; (5) the Kentucky State Penitentiary's decision denying Plaintiffs additional traditional food (fry bread had already been provided to Plaintiffs) was not a violation of Plaintiffs' Free Exercise rights or RLIUPA; and (6) Plaintiffs failed to show that Defendants took adverse action against them as a result of their grievances. (Mem. Op., DN 46). The Court consequently dismissed the case with prejudice. (Order, DN 47).

Following the Court's denial of a motion to reconsider (Order, DN 52), on July 19, 2013, Plaintiffs filed a Notice of Appeal. (Notice of Appeal, DN 53). The Sixth Circuit considered three questions on appeal:

> (1) Is there a triable issue of fact over whether RLUIPA gives the inmates a right to have access to a sweat lodge for faith-based ceremonies? (2) Is there a triable issue of fact over whether RLUIPA gives the inmates a right to buffalo meat and other traditional foods for a faith-based once-a-year powwow? (3) Does RLUIPA

> permit inmates to collect money damages from prison officials sued in their individual capacities? The answers . . . are yes, yes, and no.

*Haight*, 763 F.3d at 558-59. The Sixth Circuit vacated this Court's Memorandum Opinion and remanded the case as to the RLIUPA claims regarding the sweat lodge and traditional foods. *Id.* at 564, 567, 570.

On January 9, 2015, Plaintiffs filed a Motion for Summary Judgment as to the two remaining claims. (Pls.' Mot. for Summ. J.). On March 25, 2015, the Court ordered Defendants to show cause for their failure to respond to Plaintiffs' motion. (Show Cause Order, DN 86). On April 15, 2015, Defendants responded (Defs.' Resp. to Pls.' Mot. for Summ. J., DN 87 [hereinafter Resp.]), and on April 27, 2015, Plaintiffs replied in support of their motion (Pls.' Answer and Resp. in Supp. of Their Mot. for Summ. J., DN 88 [hereinafter Reply]). The motion is thus ripe for a ruling.

## II. **JURISDICTION**

Plaintiffs allege claims arising under 42 U.S.C. § 1983, a federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. **STANDARD OF REVIEW**

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of any material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific

evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

In their motion, Plaintiffs rely on the Sixth Circuit's August 15, 2014 Opinion to advance their argument that summary judgment in their favor is appropriate. (Pls.' Mot. for Summ J.). Plaintiffs cherry-pick text from the Sixth Circuit opinion and rely upon disparate passages to make their argument. That reliance is misplaced.

There are two very important sentences contained in the Sixth Circuit's opinion that are omitted from in Plaintiffs' motion. The first addresses Plaintiffs' RLIUPA claim for a sweat lodge regarding which the Sixth Circuit held that "[a] remand is required, *as this claim needs further consideration, further discovery* and, perhaps, finally, further input from the Commissioner through the release of his promised policy study on this precise issue." *Haight*, 763 F.3d at 564 (emphasis added). Accordingly, the Sixth Circuit's holding that this claim needs

further discovery is a holding that a genuine issue of material fact remains, making a grant of summary judgment to *either* party inappropriate absent additional evidence.

Likewise, as to Plaintiffs' RLIUPA claim for traditional foods, the Sixth Circuit stated: that "[t]his claim, too, then, must be remanded for *further development* to account for [the previously stated] considerations." *Id.* at 567 (emphasis). Again, this holding is that a genuine issue of material fact remains, making a grant of summary judgment to *either* party inappropriate absent additional evidence.

Plaintiffs filed a supplement to their motion which shows that Plaintiffs Robert Foley and Roger Epperson have been ordained as Reverends of the Pan-American Indian Associations' Order of Native Practitioners. (Supplement to Pls.' Mot. for Summ. J., DN 85-1). This evidence has no bearing on the instant motion. Plaintiffs also attached to their reply information regarding sweat lodges and powwows, and included affidavits each signed by a Plaintiff or another prisoner at the Kentucky State Penitentiary detailing the importance of a sweat lodge to him personally. (Reply to Mot. for Summ. J. Ex. 1, DN 88-1). This evidence also has no bearing on the instant motion.

Plaintiffs have presented scant evidence to change the posture of this case, and the evidentiary record is the same as before Plaintiffs' appeal was taken in 2013. The Sixth Circuit's holding mandates that further development of the evidentiary record; after the parties flush out the pertinent factual issues, this matter may become ripe for dispositive motions or proceed to trial.

## V. CONCLUSION

Because there remain unresolved genuine issues of material fact and the parties need to engage in further discovery consistent with the Sixth Circuit's decision, the Court **DENIES** Plaintiffs' Motion for Summary Judgment (DN 84).

Greg N. Stivers, Judge
United States District Court

June 1, 2015

cc: counsel of record
　　Randy Haight, *pro se*
　　Robert Foley, *pro se*
　　Roger Epperson, *pro se*
　　Vincent Stopher, *pro se*
　　Gregory Wilson, *pro se*